**AFFIDAVIT**

I, Paul V. Bellucci, U.S. Postal Inspector, being duly sworn, depose and say:

1. I am assigned to the U.S. Postal Inspection Service, Boston, Massachusetts. I have been a Postal Inspector for over 25 years.

2. As a Postal Inspector, I am aware that Title 18, United States Code, Section 1703, makes it a criminal offense for any Postal Service employee to unlawfully secrete, destroy, detain and delay mail which came into his possession and which was intended to be conveyed by mail and carried and delivered by carriers and other employees of the Postal Service. Having so stated, I have probable cause to believe that on or about February 11, 2002, through March 11, 2002, an individual named David M. Smith unlawfully secreted, destroyed, detained and delayed mail in violation of 18 U.S.C. Section 1703.

3. The facts set forth herein are based on my own investigation and upon information provided to me by other U.S. Postal Inspectors. In submitting this affidavit, however, I have not included each and every fact known to me about the investigation, but only those facts which I believe are sufficient to establish the requisite probable cause.

4. As of February 11, 2002, and at all relevant times thereafter, David M. Smith was employed by the U. S. Postal Service as a full-time regular carrier at the Dorchester Center

Post Office. His principal duties in this capacity consisted of collecting, sorting and delivering mail.

5. On February 11, 2002, a postal employee notified the Inspection Service that he had discovered three large containers on wheels, known within the postal service as post-cons, on the platform of the Boston Processing and Distribution Center (P & DC). The post-cons contained circulars and other pieces of mail and ostensibly was being discarded as Undeliverable Bulk Business Mail (UBBM). The placard labels on the post-cons indicated that the mail had originated from the Dorchester Center Post Office.

6. A review of the mail contained in the post-cons showed that it consisted, among other things, of a large volume of UBBM letters and flats, which seemed excessive for the carrier routes at the Dorchester Center Post Office. The mail also contained approximately 75 banded bundles of Advo flyers, and some addressed Advo cards. Advo cards are small cards with a message or advertisement printed on them, e.g., a notice and picture of a missing child, and each card is addressed to "Resident" and lists a customer's street address. The flyers generally are non-addressed advertisements from local stores, such as a supermarket. Under the arrangement Advo has with the local merchant(s), the mail carrier delivers an Advo card and flyer to each residence.

7. It is possible to determine which carrier(s) would have

been responsible for delivering these pieces of mail because each bundle of Advo flyers comes with an invoice which describes the carrier route number, the bundle number, date of requested delivery, number of flyers in each bundle and total number of flyers for the entire route. Also, during the investigation, the bundles of Advo flyers were marked with invisible ink to record the carrier route numbers.

8. We subsequently arranged for all post-cons of UBBM from the Dorchester Center Post Office to be isolated at the Boston P & DC. We then analyzed and sorted the mail, by carrier route, for the time period February 11, 2002, through until approximately March 4, 2002. We also recovered and reviewed the Advo address cards and flyers from the UBBM for the period March 8 through March 11, 2002.

9. We determined that much of the mail had been designated to be delivered to addresses along Route 17. We also determined that David M. Smith was the regular assigned carrier to Route 17 at the Dorchester Center Post Office. More specifically, an analysis of the mail recovered in the UBBM post-cons showed that David M. Smith discarded the following number of pieces of deliverable mail on the following dates:

| DATE | NUMBER OF PIECES |
|---|---|
| February 11, 2002 | 504 |
| February 15, 2002 | 523 |

| | |
|---|---|
| February 23, 2002 | 443 |
| February 25, 2002 | 66 |
| March 1, 2002 | 577 |
| March 8, 2002 | 136 |
| March 9, 2002 | 474 |
| March 11, 2002 | 100 |

10. In all, David M. Smith discarded approximately 2,823 pieces of deliverable mail. On March 9, 2002, and as part of my investigation, I surveilled David M. Smith and observed and videotaped him discarding into the UBBM tub approximately 366 of the above-described deliverable Advo address cards.

11. On March 11, 2002, I interviewed David M. Smith along with another Postal Inspector; also present was Edward Ahlstedt, a Steward with the National Association of Letter Carriers (NALC). David M. Smith admitted to us that he did in fact throw away the Advo cards recovered from the UBBM post-cons. He acknowledged that he was aware that he was supposed to deliver the cards and flyers. He further stated that he had been throwing away the Advo cards since the beginning of February.

12. Based on the foregoing, I have probable cause to believe that on or about February 11, 2002, through on or about March 11, 2002, David M. Smith, being a Postal Service employee, did unlawfully secrete, destroy, and detain mail which came into his possession and which was intended to be conveyed by mail and

carried and delivered by David M. Smith, in violation of Title 18, United States Code, Section 1703.

                                             PAUL V. BELLUCCI
                                             Postal Inspector
                                             U.S. Postal Inspection Service

Subscribed and sworn to before me this 9th day of October, 2003.

                                             JUDITH GAIL DEIN
                                             United States Magistrate Judge