Smith Downward Departure

The defendant pleaded guilty to a violation of 18 U.S.C. §1703, a statute proscribing the delay or destruction of mail. The calculated total offense level for this defendant was 10. I have made a four-level departure in the offense level because I believe that the offense calculation, pursuant to the Guidelines, overstates the seriousness of the offense of conviction. The defendant pleaded guilty to failing to deliver what is essentially junk mail, that is, small cards that direct the mail recipient to a larger advertising circular. The evidence is that the defendant delivered the advertising circulars, but not the little so-called advo cards. The record reveals that many of the recipients along the defendant's postal route ignored or threw away these cards when they were delivered. Some recipients specifically asked the defendant not to deliver them. Of course, the cards constitute U.S. mail, and the failure to deliver them is a violation of the statute. The record shows that more than 2,000 advo cards went undelivered by the defendant.

The Guideline Manual applicable to the case, the Manual of 2001, describes a "victim" of this offense to include any intended recipient of the undelivered mail. There were, therefore, more than 2,000 "victims." These "victims," however, suffered no actual loss, particularly since they received the advertising circulars relating to the undelivered advo cards. (These circulars often offered discounts at local retail establishments.) What the intended recipients did not get is what most mail recipients readily would describe as junk mail. The 2001 Guideline Manual provides, in application Note 15(B) to Guideline Section 2B1.1 that "there may be cases in which the offense determined [under the Guidelines] sufficiently overstates the seriousness of the offense." The application notes, in particular, that the sentence imposed for offenses of this kind "should reflect the nature and magnitude of the loss caused or intended" by the offense of

conviction. Thus, when the offense level overstates the loss, a "downward departure may be warranted." I take this to be an encouraged departure in the circumstances of this case.

In reality, there was but one victim of the defendant's wrongful conduct, the person or entity paying the cost of producing the undelivered advo cards. Accordingly, the total offense level determined under the Guidelines in this case overstates the seriousness of the offense to the extent that it requires an adjustment for more than fifty victims. The departure I have made corrects that overstatement.

Q:\ SMITH DOWNWARD DEPARTURE.WPD